## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7588 | **DATE** | 10/1/2003 |
| **CASE TITLE** | LEE RAY RODRIGUEZ vs. CITY OF AURORA POLICE OFFICER ITHAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ithal's bill of costs [51-1] is approved in part. Ithal is awarded $1,336.62 in costs. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 02 2003 date docketed | 59 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | 03 OCT -2 PM 12:41 | 10/1/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB courtroom deputy's initials | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE RAY RODRIGUEZ, et al., ) | |
| ) | |
| Plaintiff, ) | No. 02 C 7588 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| CITY OF AURORA POLICE OFFICER ) | |
| J. ITHAL #181, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**
**OCT 0 2 2003**

## MEMORANDUM OPINION AND ORDER

Lee Ray Rodriguez sued Officer Jeri Ithal, for false arrest, (state and federal), battery, trespass, excessive use of force, and unlawful entry. Ithal counterclaimed for battery. A jury found for Ithal on all Rodriguez's claims. However, the jury rejected Ithal's counterclaim. Ithal seeks costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

### DISCUSSION

The prevailing party in a case is entitled to receive her costs, other than attorney's fees, under Fed. R. Civ. P. 54. However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). This discretion is narrowly confined because Rule 54(d) creates a strong presumption that the prevailing party will recover costs. *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of

1

59

the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In her bill of costs, Ithal seeks costs incurred for depositions, service of subpoenas, witness attendance and copying.

Ithal prevailed on all Rodriguez's claims, but she lost her battery claim. Neither party was awarded damages. At issue is whether Ithal qualifies as a prevailing party who may recover costs under Rule 54. A prevailing party "has obtained some relief in an action, even if that party has not sustained all of his or her claims." *Chamberlain Manufacturing v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782, *3 (N.D.Ill. Dec. 29, 1995) (*quoting First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985)). Under Rule 54(d), a prevailing party is "the party who prevails as to the substantial part of the litigation." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991). Despite the fact that the jury did not agree with her battery claim, Ithal clearly prevailed on the substantial part of her claims. The substance of Ithal's claims was that she neither injured Rodriguez, nor violated his civil rights. The jury returned a verdict in Ithal's favor on each of Rodriguez's claims. Ithal's battery claim required the jury to find Rodriguez culpable. The fact that the jury refused to do so does not diminish Ithal's victory on the core issues. *See Chamberlain Manufacturing Corp.*, 1995 WL 769782 at *3; *see generally Ogborn v. United Food and Commercial Workers Union, Local No. 881*, 305 F.3d 763, 769-770 (7th Cir. 2002) (defendant "prevailed" on state law claims when they had been dismissed without prejudice and could therefore properly tax costs).

Ithal seeks $5,097.45 in appearance and deposition transcript fees. However, most of her documentation lacks necessary information that the court needs to determine the reasonableness of her costs. Deposition transcript costs "necessarily obtained for use in the case" are authorized by U.S.C. § 1920(2). The determination of necessity under 28 U.S.C. § 1920 "must be made in light of the facts known at the time of the deposition, without regard to intervening development that render the deposition unneeded for further use." *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). The standard for recovery is whether the deposition was 'reasonably necessary' to the case, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). The Judicial Conference has authorized $3.30 as the maximum rate per page that may be charged for an original transcript, $4.40 per page for each expedited copy. *See XCO Int'l, Inc. v. Pacific Scientific Co.*, No. 01 C 6851, 2003 WL 2006595, *8 (N.D.Ill. April 29, 2003); *Hall*, 2003 WL 21518536 at *2. $40 per hour is a reasonable rate for court reporters. *Id.* Under the Judicial Conference guidelines, "delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts." *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536, *3 (N.D.Ill. July 2, 2003).

The invoices Ithal submits to document expenses incurred for depositions of R. Rodriguez, L. Rodriguez, Dr. Gerald Blechman, F. Villenueva, C. Bockzo, C. Kliepera, J. Treadway, B. Young, K. Villenueva, A. Villenueva, Clint Cluchey, Christine Cluchey, B. Llamas, S. Wilson, V. Wilson, T. Canney and N. Rocha are identical in form and are simply too vague to support recovery. The invoices do not list the number of pages in the transcript, nor do they list the rate. Nor do the invoices breakdown the court reporters' costs. Without these figures, it is impossible to determine whether the costs of these services were within the range authorized by the Judicial Conference. *See*

3

*XCO Int'l, Inc.*, 2003 WL 2006595 at *8-10 (deposition invoices that did not itemize the number of pages, rate and court reporter fees were insufficient); *See McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847, *2 (N.D.Ill. Feb. 28, 2003). While a party is not required to prepare a bill of costs "so detailed as to make it impossible economically to recover photocopying costs," the documentation must establish that the cost of the services was reasonable and that the service was necessary for the litigation. *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The invoices for these depositions state only total amounts due, broken down into transcript fees and court reporter fees. They do not supply the rates. Accordingly, Ithal's request for $4,620.80 – the aggregate cost of the depositions mentioned above – is denied.

Ithal submits an invoice for the original transcripts of her depositions and that of Jay Ellis, a dismissed defendant. Ellis' deposition was taken before he was dismissed. The original transcription rates of $2.75 per page are below the rate authorized by the Judicial Conference. *See XCO Int'l, Inc.*, 2003 WL 2006595 at 8. Accordingly, Ithal is awarded $134.75 ($2.75 x 49 pages) for the deposition of Ellis and $137.50 ($2.75 x 50 pages) for her own deposition. Ithal may not recover the $7.00 shipping and handling fee. *See Hall*, 2003 WL 21518536 at *3.

Ithal seeks $232.35 for the deposition of Dr. Amanda Rosenkoetter as necessary to defend Rodriguez's claim for psychological damages. The $3.25 per page rate is within the limits specified by the Judicial Conference. Accordingly, Ithal is awarded $195.00 ($3.25 x 60 pages) for the cost of Dr. Rosenkoetter's deposition. Her request for $35.00 to cover the cost of an ASCII diskette copy is denied. *See Davis v. Teamsters Local Union No. 705*, No. 01 C 5047, 2002 WL 1359401, *3 (N.D.Ill. June 20, 2002) (ASCII copies are merely for the convenience of the attorneys). Her request for $2.35 in shipping and handling is also denied. *See Hall*, 2003 WL 21518536 at *3.

Ithal seeks $742.57 for witness fees paid to Dr. Rosenkoetter, Dr. Blechman, Rocha, Llamas, Clint Cluchey, Christine Cluchey, S. Wilson, V. Wilson, Treadway, Bockzo, A. Villenueva, F. Villenueva, K. Villenueva, Klicpera, Young and Canney. Section 1920(3) authorizes witness fees. Payment to a deponent may not exceed the statutory limit of $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Rodriguez argues that the fees paid to Dr. Rosenkoetter and Dr. Blechman may not be recovered because the prevailing party may not recover the fees of expert witnesses who did not testify at trial. This argument is unavailing; Ithal is not seeking recovery of expert fees, merely the standard fee paid to any deponent. Ithal attempts to demonstrate the traveling expenses for each deponent by listing their addresses on the bill of costs. This documentation is inadequate; it does not show the deponent's actual travel expenses. Ithal has also failed to produce documentation for $70.79 she claims to have paid Llamas. Accordingly, Ithal is awarded $640.00 ($40.00 x 14 deponents) in witness costs.

Ithal seeks $49.40 in copying costs. In support, Ithal produces an internal billing invoice and refers to the number of pages filed with the court. *See Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000) (reliable verification that the copies were necessary is needed). Ithal may only recover for copies submitted to the court and opposing counsel. *See Alsaras v. Dominick's Finer Foods, Inc.*, 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001), *citing McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Three copies are reasonable based on the court's filing requirement of an original and one copy of each document with a courtesy copy to chambers. Ithal seeks to recover costs for 494 pages of documents filed with the court. Her documentation supports an internal copying rate of $0.10 per page. Copy rates of between $0.10 and $0.20 are reasonable. *See Hall* 2003 WL 2158536 at *2

(*citing Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D.Ill. Aug. 12, 2002)). Accordingly, Ithal is awarded $49.40 for her copying costs.

Ithal submits invoices for records related to Rodriguez's psychological damages claim totaling $1,133.90. Costs for obtaining medical records are allowable. *See Gillman v. Crown Equip. Corp.*, 1996 WL 556706, *5 (N.D.Ill. Sept. 26, 1996). Rodriguez asserted claims for psychological damages, and Ithal argues that these records were necessary to defend that claim. However, the Record Copy Services invoices Ithal submits are too vague to support recovery. The invoices do not list the number of pages copied, nor do they reflect the rate. The invoices do not breakdown costs associated with service of each subpoena. Without these figures, it is impossible to determine whether the costs of the copies were within the range authorized by the Judicial Conference. *See XCO Int'l, Inc.*, 2003 WL 2006595 at 8-10. Similarly, without knowing the amount Record Copy Services charged for subpoena service, it is impossible to determine whether that amount exceeds the U.S. Marshal's charges. *See, e.g., Denson v. Northeast Illinois Regional Commuter R.R., Corp.*, 2003 WL 21506946, *2 (N.D.Ill. June 27, 2003) (cost award for subpoena service costs may not exceed fee charged by U.S. Marshal). Accordingly, Ithal's request for $1,133.90 – the cost of procuring Rodriguez's medical records – must be denied.

Ithal seeks reimbursement for the cost of five enlarged photographic trial exhibits. Exhibits that are "necessary to the understanding of an issue and a material aid to the jury" and not merely illustrative of other evidence are taxable. *See Robinson v. Burlington Northern R.R. Co.*, 963 F. Supp. 691, 694 (N.D.Ill. 1997) (*quoting Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty, Ltd.*, 922 F. Supp. 158, 162 (S.D.Ind. 1996). Rodriguez concedes that the enlarged photographs were a material aid to the jury. Accordingly, Ithal is awarded $179.97 for the cost of the trial exhibits.

Ithal seeks $398.80 for the cost of purchasing the transcript of Ray Lee Rodriguez's criminal trial. The parties previously agreed to split the cost of the transcript. To that end, Rodriguez has already paid $395.00. However, this cost-sharing agreement does not control Ithal's right as the prevailing party to recover costs if the trial transcript was reasonably necessary to the litigation. Ithal fails to show that the criminal trial transcript was necessary. The transcript was not listed as an exhibit on the pretrial order, nor has Ithal argued that it was an important part of this case. Accordingly, Ithal's request for reimbursement for Rodriguez's criminal trial transcript is denied.

The only remaining question is whether Ithal's costs award should be reduced because she failed to prevail on her state law battery claim. "Factually unrelated claims are treated as separate lawsuits, and if the [party] loses on such a claim, he is not to be reimbursed." *See Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1991). However, Ithal's battery counterclaim shared a common core of facts and related legal theories with Rodriguez's state tort and federal constitutional claims. *See id.* Prosecution of the battery claim and Ithal's defense involved common deposition testimony and discovery. Therefore, there is no reason to reduce Ithal's award for costs. *See id. at 988.*

## CONCLUSION

Ithal's bill of costs is approved in part. Ithal is awarded $467.25 in deposition costs, $49.40 in copying costs, $179.97 in exhibit costs, and $640.00 in witness attendance costs.

October 2, 2003                                            ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge